IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN J. DAIGLE, | ) CIVIL NO. 12-00153 ACK-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DISMISS |
| vs. | ) COMPLAINT WITH LEAVE TO |
| | ) AMEND AND TO DENY |
| | ) APPLICATION TO PROCEED IN |
| U.S. VETS, | ) FORMA PAUPERIS |
| | ) |
| Defendant. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DISMISS
COMPLAINT WITH LEAVE TO AMEND AND TO DENY
<u>APPLICATION TO PROCEED IN FORMA PAUPERIS</u>

On March 16, 2012, Plaintiff Martin Daigle
("Plaintiff"), proceeding *pro se*, commenced the instant
action and filed an Application to Proceed In Forma
Pauperis ("Application").

<u>DISCUSSION</u>

Plaintiff requests that the Court permit him to
proceed *in forma pauperis*. A court may authorize the
commencement or prosecution of any suit without
prepayment of fees by a person who submits an affidavit
that the person is unable to pay such fees. 28 U.S.C.
§ 1915(a)(1). "[A]n affidavit is sufficient which
states that one cannot because of his poverty pay or

give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted). However, a court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action is frivolous, that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998). A complaint is frivolous if "it has no arguable substance of law or fact." Tripati, 821 F.2d at 1370 (citations omitted); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at 325.

If the court dismisses the complaint, it should grant leave to amend even if no request to amend the pleading was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); see also Tripati, 821 F.2d at 1370. Specifically, "*pro se* plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Tripati, 821 F.2d 1370 (quoting Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)).

The Court has reviewed Plaintiff's Complaint, and concludes that it fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure ("FRCP"). Even construing Plaintiff's Complaint liberally, Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003), it fails to state a claim upon which relief may be granted.

While FRCP 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the

claim" may be dismissed for failure to satisfy Rule 8(a).  See <u>Sparling v. Hoffman Constr. Co.</u>, 864 F.2d 635, 640 (9th Cir. 1988); <u>see</u> <u>also</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1172 (9th Cir. 1996).

FRCP 10(b) requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count."  <u>Id.</u>

Plaintiff's Complaint lists seven causes of action, but he neither recites the elements of each cause of action, nor links the claims to the narrative portion of the Complaint.  Moreover, it appears that U.S. Vets, the named Defendant, is not a proper party.  For these reasons, the Court finds that Plaintiff's Complaint is deficient and fails to state a claim upon which relief may be granted.  The Court therefore recommends that the Complaint be dismissed pursuant to 28 U.S.C. § 1915.  <u>See</u> <u>Denton v. Hernandez</u>, 504 U.S.

25, 32 (1992) (quoting <u>Neitzke</u>, 490 U.S. at 327)
(stating that the in forma pauperis statute "accords
judges not only the authority to dismiss a claim based
on an indisputably meritless legal theory, but also the
unusual power to pierce the veil of the complaint's
factual allegations and dismiss those claims whose
factual contentions are clearly baseless").

Insofar as the Court recommends dismissal of
the Complaint for failure to state a claim upon which
relief may be granted and for failure to comply with
the applicable federal pleading rules, the Court also
recommends that Plaintiff's IFP Application be denied.
Plaintiff is granted leave to file an amended
complaint, addressing the deficiencies identified
above, by April 27, 2012.  Any amended complaint should
be titled "First Amended Complaint," must comply with
all applicable federal rules, and must clearly state
the relief sought and the factual and legal basis
demonstrating that Plaintiff is entitled to relief.

Plaintiff is advised that Rule 10.3 of the
Local Rules of Practice of the U.S. District Court for

the District of Hawaii requires that "any party filing

. . . an amended complaint . . . shall reproduce the

entire pleading as amended and may not incorporate any

part of a prior pleading by reference, except with

leave of court."  As a general rule, an amended

complaint supersedes the original complaint.  <u>See</u> <u>Loux</u>

<u>v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, if

Plaintiff files an amended complaint, the original

pleading no longer serves any function in the case.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court

FINDS AND RECOMMENDS that the district court:

1) DISMISS the Complaint with leave to amend;

2) GRANT Plaintiff until **April 27, 2012**, to file
an amended complaint curing the deficiencies
identified above;

3) DENY Plaintiff's Application; and

4) GRANT Plaintiff leave to file another
Application or to pay the appropriate filing
fee by April 27, 2012.

The Court cautions Plaintiff that failure to amend the Complaint **and** pay the filing fee or file another Application by April 27, 2012, will result in the dismissal of the action and that his failure to cure the deficiencies identified above will result in the dismissal of the action.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, March 27, 2012.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 12-00153 DAE-KSC; <u>DAIGLE V. U.S. VETS</u>; FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT WITH LEAVE TO AMEND AND TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS