IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MARTIN J. DAIGLE,             ) CIVIL NO. 12-00153 ACK-KSC
                              )
          Plaintiff,          ) FINDINGS AND
                              ) RECOMMENDATION TO DISMISS
     vs.                      ) ACTION
                              )
                              )
U.S. VETS; CLOUDBREAK LLC,    )
                              )
          Defendants.         )
_____ )


FINDINGS AND RECOMMENDATION TO DISMISS ACTION

        Plaintiff Martin Daigle ("Plaintiff") filed a

Complaint on March 16, 2012.  That same day, he filed

an Application to Proceed In District Court Without

Prepaying Fees or Costs.

        On March 27, 2012, this Court issued a Findings

and Recommendation to Dismiss Complaint With Leave to

Amend and to Deny Application to Proceed In Forma

Pauperis ("F&R").  U.S. Senior District Judge Alan Kay

issued an Order Adopting the F&R on April 23, 2012, and

granted Plaintiff leave until May 11, 2012, to file a

First Amended Complaint.

        On May 8, 2012, Plaintiff filed a First Amended

Complaint, along with another Application to Proceed

IFP.  On May 10, 2012, this Court granted the Application.

Plaintiff did not appear at the Rule 16 Scheduling Conference on June 18, 2012.  Consequently, the Court issued an Order to Show Cause why the case should not be dismissed for failure to serve the First Amended Complaint, failure to file a Rule 16 Scheduling Conference Statement, and failure to appear at the Conference.  The Court cautioned Plaintiff that Local Rule 11.1 provides a basis for the imposition of sanctions, including but not limited to fines, dismissal, and/or other appropriate action.  The Court also noted that mail sent to Plaintiff since May 2012 had been returned as undeliverable, and advised Plaintiff of his obligation under Local Rule 83.1(h) to file any change of address, and the effective date of the change, within fourteen days of the change. Finally, the Court warned Plaintiff that the Court would recommend dismissal of this action if he failed to appear at the OSC hearing.

The Court reissued the same OSC on July 18,
2012, resetting the OSC hearing for August 21, 2012.

On August 21, 2012, the Court held the OSC
hearing.  Plaintiff did not appear, nor did he send any
written correspondence, objection, or opposition with
respect to the OSC.

Courts do not take failures to comply with
Court orders or failures to prosecute lightly.  Federal
Rule of Civil Procedure ("FRCP") 41(b) authorizes
involuntary dismissals for failure "to prosecute or to
comply with [the federal] rules or a court order."
Fed. R. Civ. P. 41(b).  Unless the Court in its order
for dismissal otherwise specifies, a dismissal under
this rule operates as an adjudication upon the merits.
See id.

Here, dismissal is appropriate given
Plaintiff's failure to prosecute; namely, his failure
to serve Defendants, failure to appear at the Rule 16
Scheduling Conference, failure to file a Rule 16
Scheduling Conference Statement, and failure to respond
to the OSC or appear at the OSC hearing.  The Court,

after considering the five dismissal factors set forth

in <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir.

2002),[1] finds that they weigh in favor of dismissal.

The public interest in expeditious resolution

of this litigation and the Court's interest in managing

the docket strongly weigh in favor of dismissal.  <u>Id.</u>

(quoting <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 990

(9th Cir. 1999)) ("The public's interest in expeditious

resolution of litigation always favors dismissal.")

(quotations omitted).  The Court, not Plaintiff, should

control the pace of the docket.  <u>Yourish</u>, 191 F.3d at

990; <u>Pagtalunan</u>, 291 F.3d at 642.

The lack of availability of less drastic

alternatives also supports dismissal.  The Court

---

[1]  The Ninth Circuit has delineated five factors a
district court must weigh in determining whether to
dismiss a case for failure to comply with a court
order: "(1) the public's interest in expeditious
resolution of litigation; (2) the court's need to
manage its docket; (3) the risk of prejudice to
defendants/respondents; (4) the availability of less
drastic alternatives; and (5) the public policy
favoring disposition of cases on their merits."
<u>Pagtalunan</u>, 291 F.3d at 642.

provided Plaintiff with an opportunity to explain his failures, but even the threat of dismissal did not compel a response.  Thus, the Court is left with no choice but to dismiss.

Moreover, Defendants will suffer prejudice if this case continues without service being effected. Plaintiff's inaction has impaired Defendants' ability to proceed to trial and threatens to interfere with the rightful decision of the case.  <u>Pagtalunan</u>, 291 F.3d at 642.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, because four factors favor dismissal, this factor is outweighed.

In accordance with the foregoing, this Court RECOMMENDS that the case be dismissed for failure to serve, failure to prosecute, and failure to comply with Court Orders.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, August 21, 2012.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 12-00153 ACK-KSC; DAIGLE V. U.S. VETS, ET AL.; FINDINGS AND
RECOMMENDATION TO DISMISS ACTION